[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 15, 1996
The marriage of the parties was dissolved by a judgment of this court (Petroni, J.) entered on August 9, 1995.
On August 14, 1995, less than one week after the rendition of that judgment, the defendant filed a motion to modify the support obligation, citing a substantial change in his financial circumstances due the termination of his employment.
On or about December 14, 1995, the plaintiff made application for the services of the Bureau of Support and the parties appeared before the Support Magistrate on March 7, 1996.
After pending in the file for several months, the defendant's motion was reclaimed for the short calendar of March 14, 1996.
The defendant argues that the motion for modification must be heard by a judge of the Superior Court and not the magistrate.
The plaintiff and the Attorney General, representing the interests of the State of Connecticut, argue that pursuant to Section 46b-86 (c), C.G.S., once the plaintiff became a client of the Bureau of Support, the Family Support Magistrate Division, and not the Superior Court, became the exclusive venue for motions to modify support.
In order to decide the issue before it, this court finds it necessary to detail both the statutory scheme considerations and the specific proceedings before this court just as our Supreme Court did in DiBernadino v. DiBernadino, 213 Conn. 373, (1990).
In the instant case, the defendant's motion to modify his support obligation was filed some four months before the plaintiff sought to become a client of the Bureau of Support. At the time his motion was filed, there was no involvement with the Family Magistrate Division.
Section 46b-86(a), C.G.S., provides, in part, that unless CT Page 5151 precluded, "any final order for the periodic payment of permanent alimony or support may at any time thereafter be . . . modified by [the] court upon a showing of a substantial change in the circumstances of either party . . ."
Section 46b-86(c), C.G.S., provides that "where one of the parties has applied for child support enforcement services underTitle IV-D . . . such motion to modify shall be filed with the family support magistrate division . . ." (emp. added).
Unlike the DiBernadino case cited above, where the motion was filed after one of the parties had become a client, this case is distinguishable in that the motion, when filed, was properly one for the Superior Court to hear. The court does not lose its jurisdiction to hear such a motion at any time thereafter simply because a party enlists the services of the Bureau of Support.
The state and the plaintiff set forth no authority to support the contention that the intervention by the state in private support proceedings brought to the Superior Court causes the Superior Court to in some fashion lose jurisdiction. The jurisdiction of the Superior Court is conferred by Sec. 46b-215, C.G.S. See Favrow v. Vargas, Hartford Superior Court, D.N. FA 910394947, 13 CONN.L.RPTR. No. 20, 629 (May 15, 1995)
For the foregoing reasons, the court orders that the Defendant's Motion for Modification, dated August 14, 1995, be heard and decided by a judge of the Superior Court.
DOHERTY, J.